PAYNE, J.,
dissenting:
¶ 25. Because I cannot agree with the interpretation the majority has placed on Miss.Code Ann. § 91-7-281 (Rev.1994), I feel compelled to dissent. From time immemorial that section has held that if an attorney is the executor, he may be granted a fee either for his services as executor or for his services as an attorney, but not for both. This section was found on p. 113 of the Laws of 1882, and appeared without change through Hemingway’s Code of 1917 (§ 1799). There it read:
Attorney’s fees allowable. — In annual and final settlements, the executor or administrator shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate if the court be of opinion that the services were proper and rendered in good faith.
It was amended in Chapter 153 of the Laws of 1928, and included in the Code of 1930 (§ 1734) as it appears in the Code of 1972 as last revised in 1994 (Miss.Code Ann. § 91-7-281) without change to read:
In annual and final settlements, the executor, administrator, or guardian shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate, if the court be of the opinion that the services were proper and rendered in good faith. Where the executor, administrator, or guardian acts also as attorney, the court may allow such executor, administrator, or guardian credit for his reasonable compensation as attorney in lieu of his compensation as executor, administrator, or guardian.
It is clear and unambiguous. The legislature authorizes the court to allow attorney’s fees for a lawyer who serves as an executor, but not a fee for both categories. This scheme was not changed by a 1989 amendment to Miss.Code Ann. § 91-7-299 (1972) (Chapter 443) which was the first amendment to that section since its inception in 1848. As the majority states, the law from 1848 through 1989 read as follows:
On the final settlement the court shall make allowance to the executor or administrator for the property or the estate which has been lost, or has perished or decreased in value, without his fault; and profit shall not be allowed him in consequence of increase. And the court *340 shall allow to an executor or administrator, as compensation for his trouble either in partial or final settlements, not less than one nor more than seven per centum on the amount of the estate administered; in addition to which the court may allow him his necessary expenses.
After the 1989 amendment, the section read:
On the final settlement the court shall make allowance to the executor or administrator for the property or the estate which has been lost, or has perished or decreased in value, without his fault; and profit shall not be allowed him in consequence of increase. The court shall allow to an executor or administrator, as compensation for his trouble, either in partial or final settlements, such sum as the court deems proper considering the value and worth of the estate and considering the extent or degree of difficulty of the duties discharged by the executor or administrator; in addition to which the court may allow him Ms necessary expenses, including a reasonable attorney’s fee, to be assessed out of the estate, in an amount to be determined by the court.
The title to the 1989 act stated its purpose:
AN ACT TO AMEND SECTION 91-7-299, MISSISSIPPI CODE OF 1972, TO AUTHORIZE THE COURT TO ESTABLISH THE COMPENSATION OF AN EXECUTOR OR ADMINISTRATOR; AND FOR RELATED PURPOSES.
It is obvious that the change was from a percentage to a computation of value of work actually performed. The other change was to clarify that “necessary expenses” included attorney’s fees which the court would determine to be fair. Nothing in this language can be read to repeal the “in lieu” language of the section allowing for attorney’s fees to the lawyer acting as executor. We are all familiar with the requirement that in order to amend a code section (here Miss.Code Ann. § 91-7-281 (Rev.1994)) it is necessary that the whole section be brought forward for consideration and vote. See Miss. Constitution of 1890 § 61. The bill amending Miss.Code Ann. § 91-7-299 (1972) did not even mention Miss.Code Ann. § 91-7-281 (Rev. 1994), much less amend it.
¶ 26. If the statute does not allow for “double dipping” of executor/attorney, it surely does not allow for “triple dipping” of executor/attorney individually/attorney’s firm. Therefore, with respect, I dissent.
BRIDGES, J., JOINS THIS SEPARATE WRITTEN OPINION.